IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CHARLES CRAFT AND CRYSTAL CRAFT, INDIVIDUALLY AND ON BEHALF OF THEIR MINOR CHILDREN, GRAYSON CRAFT AND WHITLEY CRAFT<br><br>*Plaintiffs*,<br><br>v.<br><br>MAX ACCESS, LLC, D/B/A SKY CLIMBER ACCESS SOLUTIONS, THE LEMOINE BUILDING CORPORATION, SKYHOOK OPS, LLC, AND XYZ INSURANCE COMPANIES 1-3<br><br>*Defendants*. | § § § § § § § § § § § § § § § § § | Civil Action No. 6:22-cv-5899 |

## NOTICE OF REMOVAL

Pursuant to the provisions of 28 U.S.C. §1441 and 1446, Defendant Max Access, LLC d/b/a Sky Climber Access Solutions ("Defendant", or "Max Access") hereby gives notice of removal of this action from the 15th Judicial District Court for the Parish of Lafayette, Louisiana, Division "C", where it is currently pending as Civil Suit No. C-20225834, to the United States District Court for the Western District of Louisiana. In support of removal, Max Access states as follows.

## STATEMENT OF JURISDICTION

1. The District Court has original jurisdiction under 28 U.S.C. §1332(a)(1), and this case should be removed pursuant to 28 U.S.C. §1441 because it is a civil action between "citizens of different States" wherein the amount placed in controversy exceeds the sum of seventy-five thousand dollars ($75,000), exclusive of interest and costs.

2. As set forth below, jurisdiction within the District Court is proper and the actions is timely and properly removed upon the filing of this Notice of Removal.

## PLEADINGS AND PROCESS

3. On November 2, 2022, Plaintiffs Charles Craft and Crystal Craft, individually and on behalf of their minor children, Grayson Craft and Whitley Craft (collectively, "Plaintiffs") filed a Petition for Damages (the "Petition") in the 15th Judicial District Court for the Parish of Lafayette, Civil Suit No. C-20225834 (the "Action"). True and correct copies of the Petition, Citation, and all accompanying documents filed and served by Plaintiff are attached hereto as Exhibit A.[1]

4. Briefly, this case arises out of injuries incurred by Plaintiff Charles Craft while working for a subcontractor on a construction project at Ochsner Lafayette General Medical Center.

5. According to Plaintiffs' Petition, Charles Craft was injured when two porta potties hoisted by a crane became entangled with a stage cable securing a swing scaffolding on which Charles Craft was standing, causing the scaffolding to fall to the ground. As a result, Plaintiffs allege, Charles Craft was thrown from the scaffolding and his left arm was severed nearly in half. Plaintiffs go on to state that Mr. Craft's safety harness kept him suspended in mid-air while experiencing extreme blood loss from a severed artery in his arm.[2]

6. Plaintiffs claim that as a result of the accident, Charles Craft suffered life-threatening injuries, including significant reduced capacity and loss of use in his left arm.

7. In the Petition, Plaintiffs assert claims against Max Access for negligence arising out of Max Access' alleged failure to properly assemble, erect, inspect, and secure the swing scaffolding upon which Charles Craft stood.

---

[1] 28 U.S.C. §1446(a).

[2] **Exhibit A**, at Petition for Damages, at ¶15-19.

8. On November 4, 2022, Defendant Max Access received notice of the Action in the 15th JDC of Lafayette Parish.

9. Plaintiffs have named five defendants other than Max Access: The Lemoine Building Corporation ("Lemoine"), Skyhook Ops, LLC ("Skyhook"), and XYZ Insurance Companies 1-3.

10. As of the time of this filing, no other party has appeared in this Action.[3] To the best of Defendant's knowledge, no other party has been served with this Action.[4]

11. Max Access has not filed a responsive pleading to Plaintiffs' Petition, as the time to do so has not yet expired.[5]

12. Exhibit A constitutes all of the pleadings and process that have been filed and served in the Action as of the date of filing of this Notice of Removal.

## TIMELINESS OF REMOVAL

13. This Removal is being filed within thirty (30) days after Max Access received notice of the Action. The Removal, therefore, is filed within the time period mandated by Section 1446(b)(1) and the Federal Rules of Civil Procedure.

## VENUE

14. Venue is proper where a Removal is "to the district court of the United States for the district and division embracing the place where such action is pending."[6] Plaintiffs initially filed this Action in the 15th Judicial District Court for the Parish for Lafayette, Louisiana, which sits in the Western District of Louisiana.

---

[3] 28 U.S.C. §1446(b)(2)(A) (stating "all defendants who have been properly joined and served must join in and consent to the removal of the action.)

[4] Further, Defendant has no indication that any Louisiana domiciled defendant has been served with process.

[5] FED. R. CIV. P. 81(C)(2)(C).

[6] 28 U.S.C. §1441(a).

15. Further, venue is proper in a "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred…"[7] In the Petition, Plaintiffs allege the events giving rise to Mr. Craft's injuries occurred at Ochsner Lafayette General Medical Center, which is a place located in Lafayette Parish, Louisiana.

16. Thus, for purposes of Removal, venue properly lies in the judicial district in which this Court sits.

## JURISDICTION

**A. The District Court May Exercise Diversity Jurisdiction Pursuant to Section 1332(a)**

17. This case meets the requirements of 28 U.S.C. §1332(a) and may be removed to federal court pursuant to 28 U.S.C. §1441 because it is a civil action: 1) "between citizens of different States"; 2) wherein the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

18. Federal courts apply the "same liberal rules to removal allegations that are applied to other matters of pleading."[8] A defendant's notice of removal need include only a "plausible allegation that the amount in controversy exceeds the jurisdictional threshold."[9]

**B. Diversity of Citizenship is Met Here**

19. For purposes of determining diversity of citizenship, an individual is deemed a citizen of the state in which he is domiciled.[10]

20. Plaintiffs' Petition asserts Plaintiffs are all domiciliaries of Smith County, Mississippi.[11] Plaintiffs are all citizens of Mississippi.

---

[7] 28 U.S.C. §1391(b)(2).

[8] *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014) (internal citations omitted).

[9] *Id.* at 89.

[10] *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011)

[11] **Exhibit A**, at Petition for Damages, ¶1-¶4.

21. For purposes of diversity, a corporation is considered a citizen of any state in which it is incorporated and where it has its principal place of business.[12] A company's principal place of business is its "nerve center" where its officers direct, control and coordinate the company's activities.[13] An L.L.C. is a citizen of any state where its members are citizens.[14]

22. In the Petition, Plaintiffs allege Max Access is a foreign limited liability company "registered and doing business in Louisiana". Plaintiffs do not allege Max Access' domicile. Max Access is an Ohio LLC that is headquartered in Delaware, Ohio.[15] The members of Max Access are as follows:

    a. George Anasis, a domiciliary of Ohio;

    b. Todd A. King, Trustee of the Todd Alan King Trust, a domiciliary of Ohio;

    c. Kelly Winkler, a domiciliary of Ohio;

    d. IRA Services Trust Company, a corporation incorporated in California;

    e. Jan S. Anasis Trust, the trustee of which is George Anasis, a domiciliary of Ohio;

    f. TESI Incorporated, a corporation incorporated in Florida, and;

    g. Anasis Children's 2012 Irrev. Trust, the trustee of which is Peter Patisas, a domiciliary of Ohio.

23. In the Petition, Plaintiffs allege the Lemoine Building Corporation is a domestic corporation domiciled in Lafayette Parish, Louisiana. Upon information and belief, that is a correct assertion of Lemoine's domicile.

---

[12] 28 U.S.C. §1442(C)(1);

[13] *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010).

[14] *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir.2008).

[15] **Exhibit B**, Max Access LLC Certificate of Authority.

24. In the Petition, Plaintiffs allege Skyhook Ops, LLC is a foreign limited liability company "registered and doing business in Louisiana." Plaintiffs do not allege Skyhooks' domicile. Upon information and belief, Skyhook is a Texas LLC whose sole member is George Holland, who is domiciled in Texas.[16]

25. Plaintiffs have not verified the identities of XYZ Insurance Companies 1-3. However, upon information and belief, XYZ Insurance Companies 1-3 are not domiciled in Mississippi.

26. Thus, Plaintiffs are domiciled in Mississippi, and no defendant is domiciled in Mississippi. Complete diversity exists.

27. No Louisiana domiciled defendant has been served at the time this Notice of Removal is being filed. Therefore, the "forum defendant rule" is inapplicable.[17]

C.  **The Amount in Controversy is Met Here**

28. Plaintiffs do not seek a determinate amount of damages in their Petition. However, the minimum amount in controversy can be ascertained by reference to the allegations on the face of Plaintiffs' Petition.

29. When the plaintiff has alleged an indeterminate amount of damages, the Fifth Circuit requires that the "removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000."[18] A defendant satisfies this burden either by showing that it is "facially apparent" that the plaintiff's claims exceed the jurisdictional amount, or by "setting forth the facts in controversy…that support a finding of the requisite amount.[19]

---

[16] **Exhibit C**, Skyhook Ops, LLC Franchise Tax Public Information Report.

[17] *Texas Brine Co., LLC v. American Arbitration Association, Inc.*, 955 F.3d 482 (5th Cir. 2020).

[18] *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).

[19] *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

30. In cases that allege permanent disability and disfigurement, in addition to claimed damages such as those that are "permanent, or continuing in nature", federal courts readily find that the "facially apparent" requirement is met.[20]

31. Plaintiffs allege Charles Craft had his left arm "severed nearly in half" as a result of the incident, and that he was "suspended…in mid-air while experiencing extreme blood loss from a severed artery in his arm."[21] Plaintiffs describe Mr. Craft's injuries as "life threatening, [causing] extreme emotional distress, physical pain, and mental anguish," and that "[h]is left arm will have reduced capacity for the rest of his life."[22] Plaintiffs go on to state their injuries are "severe and life changing," and "permanent".[23]

32. Plaintiffs also allege specific categories of severe damages, including: diminished use of Mr. Craft's arm, disfigurement, and psychological and neurological impairment, in addition to future physical impairment, future loss of mobility, and future loss of wages.[24]

33. While Max Access denies liability for the damages sought herein, Max Access respectfully submits that based on Plaintiffs' allegations contained in the Petition, Plaintiffs' claims exceed the $75,000 jurisdictional minimum amount in controversy, exclusive of interests and costs, as required by 28 U.S.C. §1332(a).

---

[20] *See, e.g, Simon v. Kansas City S. Ry. Co.*, No. CV 3:21-03800, 2021 WL 6331972, at *3 (W.D. La. Dec. 22, 2021), report and recommendation adopted, No. CV 3:21-03800, 2022 WL 68196 (W.D. La. Jan. 6, 2022) (collecting cases); *Hernandez v. USA Hosts, Ltd.*, 418 F. App'x 293, 294 (5th Cir. 2011).

[21] **Exhibit A**, at Petition for Damages, ¶19.

[22] *Id*. at ¶21.

[23] *Id*. at ¶31.

[24] *Id*. at ¶42.

## NOTICE TO PARTIES AND STATE COURT

34. As required by 28 U.S.C. §1446(d), a copy of the Notice of Removal is being filed in the 15th Judicial District Court for the Parish of Lafayette, Louisiana, which sits in the Western District of Louisiana.

35. As also required by 28 U.S.C. §1446(d), Max Access is serving Plaintiffs, the only adverse party, with this Notice of Removal.

36. Max Access reserves and maintains its rights to assert any defenses and submit any motions in response to the Petition, including but not limited to those defenses and motions specifically and enumerated in Rule 12(b) of the Federal Rules of Civil Procedure, any other Rule and any other applicable law or rule.

**WHEREFORE**, Defendant, Max Access, LLC hereby provides notice to the United States District Court for the Western District of Louisiana this action has been duly removed.

Respectfully submitted,

T. Braden Riley (LA Bar #36931)
LyondellBasell Tower
COZEN O'CONNOR
1221 McKinney Suite 2900
Houston, TX 77010
briley@cozen.com
Tel: (832) 214-3972
Fax: (713) 512-5399

*Attorney for Defendant, Max Access, LLC d/b/a Sky Climber Access Solutions*

Dated: November 4, 2022

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing filing was served upon all counsel of record via the CM/ECF System on November 4, 2022.

B. Gene Taylor III
GOLD, WEEMS, BRUSER, SUES & RUNDELL
2001 MacArthur Drive
Alexandria, LA 71307

Michael A. Heilman
E. Taylor Polk
Daniel J. Hammett
Heilman Law Group, P.A.
Meadowbrook Office Park
4266 Interstate 55 North, Suite 106
Jackson, MS 39211

*Counsel for Plaintiffs*



T. Braden Riley (LA Bar #36931)

**CERTIFICATE OF COMPLIANCE**

I hereby certify that the attached Exhibit A is a true and correct copy of entire State court record in Civil Suit No. C-20225834, *Charles Craft and Crystal Craft, individually and on behalf of their minor children, Grayson Craft and Whitley Craft v. Max Access, LLC d/b/a Sky Climber Access Solutions, The Lemoine Building Corporation, Skyhook Ops, LLC and XYZ Insurance Companies 1-3*, in the 15th Judicial District Court of Lafayette Parish, Louisiana.



T. Braden Riley