Lafayette Parish
Filed Nov 02, 2022 9:44 AM
Morgan Foreman
Deputy Clerk of Court
C-20225834
C

CIVIL SUIT NO.: **C-20225834**

DIVISION " **C** "

| | |
|---|---|
| **CHARLES CRAFT and CRYSTAL CRAFT, individually and on behalf of their minor children, GRAYSON CRAFT and WHITLEY CRAFT** | **15th JUDICIAL DISTRICT COURT** |
| **VERSUS** | **PARISH OF LAFAYETTE** |
| **MAX ACCESS, LLC, d/b/a SKY CLIMBER ACCESS SOLUTIONS, THE LEMOINE BUILDING CORPORATION, SKYHOOK OPS, LLC, and XYZ INSURANCE COMPANIES 1-3** | **STATE OF LOUISIANA** |

## PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, come petitioners, CHARLES CRAFT and CRYSTAL CRAFT, individually and on behalf of their minor children, GRAYSON CRAFT and WHITLEY CRAFT, and respectfully represent as follows:

*Parties*

1.

Petitioner, CHARLES CRAFT ("Charles"), is an individual of the full age of majority and domiciliary of Smith County, Mississippi.

2.

Petitioner, CRYSTAL CRAFT ("Crystal"), is an individual of the full age of majority and domiciliary of Smith County, Mississippi.

3.

Charles and Crystal are husband and wife, lawfully married and residing together with their minor children, Petitioners GRAYSON CRAFT ("Grayson") and WHITLEY CRAFT ("Whitley"), in Smith County, Mississippi.

4.

Charles and Crystal are Grayson and Whitley's parents, and the appropriate party-plaintiffs to bring this action on the minors' behalf pursuant to La. C.C.P. art. 4061.1(A)(1).

Page 1

5.

Made defendants herein are:

a. MAX ACCESS, LLC, d/b/a SKY CLIMBER ACCESS SOLUTIONS ("Max Access"), a foreign limited liability company registered and doing business in Louisiana, that may be served through its Louisiana registered agent:

> **Registered Agents, Inc.**
> 201 Rue Beauregard, Ste. 202
> Lafayette, LA 70508

b. THE LEMOINE BUILDING CORPORATION ("Lemoine"), a domestic corporation domiciled in Lafayette Parish, Louisiana, that may be served through its registered agent:

> **Vincent Champagne, II**
> 1906 Eraste Landry Road, Ste. 200
> Lafayette, LA 70501

c. SKYHOOK OPS, LLC ("Skyhook"), a foreign limited liability company registered and doing business in Louisiana, that may be served through its Louisiana registered agent:

> **United States Corporation Agents, Inc.**
> 1100 Poydras Street, Ste. 2900
> New Orleans, LA 70163

d. XYZ INSURANCE COMPANIES 1-3, upon information and belief, each being a foreign insurance company authorized and doing business in Louisiana and in the capacity as respective insurer for the identified defendants, Sky Climber, Lemoine, and Skyhook. The identity and status of XYZ INSURANCE COMPANIES 1-3 are currently unknown and will be provided by way of Amended and Supplemental Petition following investigation and discovery.

### *Venue*

6.

Venue is proper herein pursuant to La. C.C.P. arts. 42 and 74.

### *Factual Background*

7.

At all relevant times herein, Charles was an employee of FL Crane & Sons, Inc. ("FL Crane"), a Mississippi Corporation.

8.

FL Crane contracted with Lemoine to perform certain industrial work in 2022, including installing z girts, insulation, and stucco at Ochsner's Lafayette General Medical Center (the "Ochsner Project").

9.

Lemoine was the general contractor for the Ochsner Project with operational control over the construction work, and at all times maintained a duty to provide a safe working environment on the job site and to refrain from creating unreasonable risks of harm and/or hazardous conditions. Lemoine was subject to duties of care as the general contractor but also undertook duties through daily inspections and, upon information and belief, had additional duties of care through contracts that the Petitioner does not presently possess.

10.

Max Access contracted with FL Crane to deliver and install swing scaffolding so FL Crane employees could perform the necessary work on the outside of the Ochsner building at elevated heights. Max Access was responsible for delivery and the appropriate erection of the swing scaffolding for the Ochsner Project.

11.

Max Access failed to properly erect, install, construct, and/or inspect the scaffolding, creating a dangerous condition and unreasonable risk of harm, despite knowledge that employees, including Charles, would be working at extreme heights.

12.

As general contractor, Lemoine rented a crane from Morrow Equipment Company, LLC, and contracted with Skyhook to provide a skilled, certified crane operator. Skyhook's crane operator's name was Vernon Ball ("Ball").

13.

On May 16, 2022, Lemoine had its employees and subcontractors working at the Ochsner Project in various locations throughout the structure, including the rooftops on the fifth and seventh levels of the hospital as well as from swing scaffolding.

14.

Despite the presence of employees on swing scaffolding and a cluttered environment on the rooftops, Lemoine employees, specifically including its riggers and/or signal callers, directed and instructed Ball to hoist three (3) porta potties to the seventh floor of the hospital for use by its employees and subcontractors.

Page 3

15.

At the direction of Lemoine employees, the crane lifted three (3) porta potties to the seventh floor where Lemoine employees unhooked one (1), then signaled Ball to lift the remaining two (2) in the air so the porta potties could then be lowered and dropped on the fifth floor by the crane.

16.

Lemoine employees and/or Ball failed to ensure that the porta potties were not entangled with the stage cable securing the scaffolding before Ball hoisted the porta potties with the crane.

17.

As the crane began to hoist the remaining two (2) porta potties, the porta potties, which were entangled with the stage cable of the swing scaffolding, caused the scaffolding system to be pulled apart and fail.

18.

When the scaffolding system failed, the swing scaffolding upon which Charles was working fell to the ground, as well as parts of the rolling roof rigging system, including beams and the telescoping mast, which were on the seventh floor.

19.

As a result, Charles was violently thrown from the scaffolding and his left arm was severed nearly in half. Although Charles' safety harness kept him from falling to the ground, the harness suspended him in mid-air while experiencing extreme blood loss from a severed artery in his arm.

20.

Other workers on site were ultimately able to lower Charles to the ground and apply a make-shift tourniquet before Charles was moved through a window to the interior of Ochsner's where he received emergency medical care.

21.

As a result of the negligence of Defendants, Lemoine, Max Access, and/or Skyhook, individually and/or collectively, in causing and contributing to the acts alleged herein, Charles suffered life threatening injuries, extreme emotional distress, physical pain, and mental anguish. His left arm will have reduced capacity for the rest of his life. Charles will no longer be able to enjoy his life as he once knew it or work with the use of both his arms as he did previously to support himself and his loved ones.

22.

As a result of the negligence of Defendants, Lemoine, Max Access, and/or Skyhook, individually and/or collectively, in causing and contributing to the acts alleged herein, Crystal has suffered extreme emotional anguish and loss of consortium and companionship. Charles' children have also suffered extreme emotional anguish and loss of companionship.

### *Causes of Action Against Max Access*

### *Negligence*

23.

Plaintiffs refer to and incorporate the previous paragraphs as if set forth fully herein.

24.

Under La. R.S. 40:1672, "All scaffolds, hoist cranes, stays, ladders, supports, or other mechanical contrivances erected by any person for use in the erection, repairing, alteration, removing, or painting of any building, bridge, viaduct, or other structure shall be constructed, placed, and operated so as to give proper and adequate protection to any person employed or engaged thereon or passing under or by it, and in such a manner as to prevent the falling of any material that may be used or deposited thereon."

25.

Max Access owed a statutory and general duty of care to Charles to properly assemble, erect, inspect, and secure the swing scaffolding. Max Access was obligated to perform this work with reasonable care, including certification by a competent person as required by OSHA regulations. Max Access was aware at all times of the inherent dangers that existed if it failed to properly assemble, erect, inspect, and/or secure the swing scaffolding, yet omitted to take such reasonable and required precautions.

26.

Despite Max Access' knowledge of the dangerous conditions created by its failure to properly erect the swing scaffolding, Max Access breached this duty of care by failing to properly assemble, erect, secure, and inspect the swing scaffolding. Such particulars include, without limitation, Max Access's failure to put pins in the rolling roof rigging system to properly secure it and failure to perform adequate inspections to uncover the improper assembly of the scaffolding. Max Access also erected a 24-foot rigging system where a smaller rigging system could be placed and anchored perpendicular to the roof's edge in accordance with OSHA regulations and without

Page 5

angle in the shoring. Max Access' negligent, careless, and unlawful conduct caused and/or contributed to the swing scaffolding's failure and Charles' corresponding injuries.

27.

As a direct and proximate cause of Max Access' negligent acts and/or omissions described herein, Plaintiffs have and will continue to suffer severe and permanent injuries and/or damages.

28.

Max Access is liable for the acts and omissions by each of its employees, agents, representatives, and/or servants pursuant to the doctrine of vicarious liability.

### Causes of Action Against Lemoine

### Negligence

29.

Plaintiffs refer to and incorporate the previous paragraphs as if set forth fully herein.

30.

In addition to the general duty of care owed to Charles, Lemoine as the general contractor exercised control over the construction work at the Ochsner Project and owed a duty of care through contractual obligation and/or undertook a duty of care specifically to Charles. Such duty of care included Lemoine's requirement to act as a reasonable general contractor under similar circumstances, and to provide a safe working environment free from foreseeable risks of harm to workers, including Charles, and to have properly certified, trained, and experienced signal callers and riggers able to direct the crane operation on the job site with prompt communication.

31.

Lemoine, through its employees/agents, breached the duties of care owed to Charles on account of the following non-exclusive acts, including failing to provide a safe working environment; directing and/or allowing an unsafe practice, such as the operation of a crane in the close proximity to Charles who was suspended from swing scaffolding at extreme elevations at the time Lemoine employees directed the crane operator to hoist porta potties; failing to keep a proper lookout to ensure that the porta potties did not become entangled in the rigging and/or cables for the swing scaffolding; failing to inspect the swing scaffolding and/or undertaking negligent safety inspections or job site assessments that would have uncovered the improper assembly by Max Access; instructing the crane operator to lift the porta potties while they were entangled with the swing scaffolding system and rigging; and/or otherwise failing to notice and/or

Page 6

warn of the unreasonable risk of harm caused by the unsafe working environment and hazardous condition that caused Charles' severe and life-changing injuries.

32.

As a direct and proximate cause of Lemoine's negligent acts and/or omissions described herein, Plaintiffs have and will continue to suffer severe and permanent injuries and/or damages.

33.

Lemoine is liable for the acts and omissions by each of its employees, agents, representatives, and/or servants pursuant to the doctrine of vicarious liability.

## *Causes of Action Against Skyhook*

### *Negligence*

34.

Plaintiffs refer to and incorporate the previous paragraphs as if set forth fully herein.

35.

Under La. R.S. 40:1672, "All scaffolds, hoist cranes, stays, ladders, supports, or other mechanical contrivances erected by any person for use in the erection, repairing, alteration, removing, or painting of any building, bridge, viaduct, or other structure shall be constructed, placed, and operated so as to give proper and adequate protection to any person employed or engaged thereon or passing under or by it, and in such a manner as to prevent the falling of any material that may be used or deposited thereon."

36.

Skyhook, directly and/or through its agents, owed a statutory and general duty of care to Charles, specifically including the duty to provide a skilled, certified operator to operate the crane in a way to avoid foreseeable harm. Skyhook breached this duty by operating the crane adjacent to swing scaffolding supports and FL Crane employees, including Charles who was suspended on swing scaffolding; by failing to correctly follow instructions from the signal callers/riggers and/or relying on uncertified signal callers/riggers and/or not having ways to communicate with the riggers and signal callers with prompt communication; by failing to maintain proper control of the crane; by failing to check that the load was free from entanglement before lifting; by failing to maintain a proper lookout; and/or by operating the crane in such a manner as to cause the porta potties to become entangled with the swing scaffolding.

37.

As a direct and proximate cause of Skyhook's negligent acts and/or omissions described herein, Plaintiffs have and will continue to suffer severe and permanent injuries and/or damages.

38.

Skyhook is liable for the acts and omissions by each of its employees, agents, representatives, and/or servants pursuant to the doctrine of vicarious liability.

### *Causes of Action Against XYZ Insurance Companies 1-3*

#### *Negligence*

39.

Plaintiffs refer to and incorporate the previous paragraphs as if set forth fully herein.

40.

Plaintiffs allege that Defendants, Insurance Companies 1-3, provide a policy of insurance for the type of claims and damages asserted herein against Max Access, Lemoine, and/or Skyhook, and liability is therefore imputable and imputed upon Insurance Companies 1-3 based on the legal and contractual relationship existing between the parties.

#### *Damages*

41.

Plaintiffs refer to and incorporate the previous paragraphs as if set forth fully herein.

42.

As a result of the above-described acts and/or omissions by Defendants, Charles was severely and permanently injured, including diminished use of his left arm, disfigurement, psychological and neurological impairment, and other injuries for which damages are due as follows: past, present, and future medical expenses; past, present, and future physical pain and suffering; past, present and future physical impairment; past, present, and future disability; past, present, and future loss of mobility; past, present, and future loss of wages; past, present, and future loss of enjoyment of life; and past, present, and future mental pain, anguish, humiliation, and embarrassment.

43.

At all relevant times, Charles and Crystal were legally married as husband and wife.

44.

As a result of the above-described acts and/or omissions by Defendants, Crystal has suffered a loss of her husband's society, companionship, love, affection, financial support, marital services, aid, assistance, and impairment of sexual relations. Defendants acts and/or omissions proximately caused and/or substantially contributed to Crystal's extreme damages, which are continuous in nature due to the permanency and life altering nature of the injuries suffered by her husband.

45.

At all relevant times, Grayson and Whitley Craft resided with and were dependent upon their father, Charles.

46.

As a result of the above-described acts and/or omissions by Defendants, Grayson and Whitley Craft have suffered a loss of her father's society, companionship, love, affection, financial support, parental services, aid, and assistance. Defendants acts and/or omissions proximately caused and/or substantially contributed to Grayson and Whitley's extreme damages, which are continuous in nature due to the permanency and life altering nature of the injuries suffered by their father.

47.

Plaintiffs will be required to call at the trial on the merits, medical experts and other expert witnesses to establish liability and damages, and is entitled to have these costs taxed to Defendants as additional costs of court.

48.

Defendants are jointly and solidarily liable unto Plaintiffs in an amount as will fully compensate all damages arising out of the facts described herein, together with legal interest from the date of demand until paid in full, and all costs of these proceedings.

WHEREFORE, Plaintiffs pray that Defendants be served with a copy of this petition and cited to answer the same, and that after due proceedings are had there be judgment in favor of Plaintiffs and against Defendants, awarding damages with legal interest on all sums awarded, and for all other relief available by law or equity.

Alexandria, Louisiana this ___27___ day of October, 2022.

Respectfully submitted:

**GOLD, WEEMS, BRUSER, SUES & RUNDELL**

By: _____
B. Gene Taylor III (Bar Roll #33407)
2001 MacArthur Drive
Alexandria, LA 71307
Telephone: (318) 445-6471
Facsimile: (318) 445-6476

-and-

**HEILMAN LAW GROUP, P.A**

Michael A. Heilman (*pro hac vice pending*)
E. Taylor Polk (*pro hac vice pending*)
Daniel J. Hammett (*pro hac vice pending*)
Meadowbrook Office Park
4266 Interstate 55 North, Suite 106
Jackson, MS 39211
Telephone: (601) 914-1025
Facsimile: (601) 944-2915

*Attorneys for Plaintiffs*

**Please Serve:**

**Max Access, LLC, d/b/a Sky Climber Access Solutions**
*Through its Louisiana Registered Agent*:
Registered Agents, Inc.
201 Rue Beauregard, Ste. 202
Lafayette, LA 70508

**The Lemoine Building Corporation**
*Through its Louisiana Registered Agent*:
Vincent Champagne, II
1906 Eraste Landry Road, Ste. 200
Lafayette, LA 70501

**Skyhook Ops, LLC**
*Through its Louisiana Registered Agent*:
United States Corporation Agents, Inc.
1100 Poydras Street, Ste. 2900
New Orleans, LA 70163

```
Lafayette Parish          C-20225834
Filed Nov 02, 2022 9:44 AM      C
Morgan Foreman
Deputy Clerk of Court
```

CIVIL SUIT NO.: **C-20225834**
DIVISION " **C** "

**CHARLES CRAFT and**                              15th **JUDICIAL DISTRICT COURT**
**CRYSTAL CRAFT, individually**
**and on behalf of their minor children,**
**GRAYSON CRAFT and**
**WHITLEY CRAFT**

**VERSUS**                                          **PARISH OF LAFAYETTE**

**MAX ACCESS, LLC, d/b/a**                         **STATE OF LOUISIANA**
**SKY CLIMBER ACCESS SOLUTIONS,**
**THE LEMOINE BUILDING CORPORATION,**
**SKYHOOK OPS, LLC, and XYZ INSURANCE**
**COMPANIES 1-3**

### REQUEST FOR NOTICE

PLEASE TAKE NOTICE that B. GENE TAYLOR III, attorney for Plaintiffs, does hereby request written notice of the date of trial of the above captioned matter, as well as notice of hearings (whether on the merits or otherwise), orders, judgments, and interlocutory decrees, and any and all formal steps taken by the parties herein, by the Judge, or by any member of Courts, as provided in Louisiana Code of Civil Procedure Articles 1572, 1913, and 1914.

Alexandria, Louisiana this _27_ day of October, 2022.

Respectfully submitted:

**GOLD, WEEMS, BRUSER, SUES & RUNDELL**

By: _____
B. Gene Taylor III (Bar Roll #33407)
2001 MacArthur Drive
Alexandria, LA 71307
Telephone: (318) 445-6471
Facsimile: (318) 445-6476

-and-

**HEILMAN LAW GROUP, P.A**

Michael A. Heilman (*pro hac vice pending*)
E. Taylor Polk (*pro hac vice pending*)
Daniel J. Hammett (*pro hac vice pending*)
Meadowbrook Office Park
4266 Interstate 55 North, Suite 106
Jackson, MS 39211
Telephone: (601) 914-1025
Facsimile: (601) 944-2915

*Attorneys for Plaintiffs*

Page 11

Lafayette Parish
Filed Nov 02, 2022 9:44 AM
Morgan Foreman
Deputy Clerk of Court

C-20225834
C



LEO GOLD (1907 - 1987)
GEORGE B. HALL (1924 - 1971)
PEGGY D. ST. JOHN (1953 - 2017)

CHARLES S. WEEMS, III
EUGENE J. SUES
EDWARD E. RUNDELL,[2]
RANDALL L. WILMORE
DORRELL J. BRISTER [1,2,3]
GREGORY B. UPTON
RANDALL M. SEESER
MICHAEL J. O'SHEE
BRANDON A. SUES
TREVOR S. FRY[2]
BRADLEY L. DRELL[4]
STEVEN M. OXENHANDLER
STEPHEN A. LAFLEUR
HEATHER M. MATHEWS[2]
SARAH SPRUILL COUVILLON
B. GENE TAYLOR, III
LESLIE E. HALLE[3]
EVELYN I. BREITHAUPT[2]
KAY H. MICHELS

**GOLD WEEMS**
BRUSER SUES & RUNDELL

A Professional Law Corporation
2001 MacArthur Drive
Post Office Box 6118
Alexandria, Louisiana 71307-6118
Local (318) 445-6471   Fax: (318) 445-6476
Toll Free (866) 302-6283
gtaylor@goldweems.com * www.goldweems.com

MARTHA R. CRENSHAW[5]
JOSHUA J. DARA, JR
M. ALLISON JOHNSON
R. MORGAN BRIGGS
CONNOR C. HEADRICK
CONNER DILLON

OF COUNSEL:
CAMILLE F. GRAVEL (1915 - 2005)
HENRY B. BRUSER, III
ROBERT G. NIDA
F. A. LITTLE, JR., U.S. Dist. Judge (Ret.)

[1] SPECIALIST IN TAXATION, CERTIFIED BY LA BOARD OF LEGAL SPECIALIZATION
[2] ALSO ADMITTED IN TEXAS
[3] SPECIALIST IN ESTATE PLANNING ADMINISTRATION, CERTIFIED BY LA BOARD OF LEGAL SPECIALIZATION
[4] SPECIALIST IN BUSINESS BANKRUPTCY, CERTIFIED BY LA BOARD OF LEGAL SPECIALIZATION
[5] ALSO ADMITTED IN TENNESSEE

October 27, 2022

Hon. Louis J. Perret
Clerk of the 15th Judicial District Court
Lafayette Parish
800 S. Buchanan St.
Lafayette, LA 70501

RE: Charles Craft and Crystal Craft, individually and on behalf of their minor children, Grayson Craft and Whitley Craft vs Max Access, LLC, d/b/a/ Sky Climber Access Solutions, The Lemoine Building Corporation, Skyhook Ops, LLC, and XYZ Insurance Companies 1-3
15th JDC, Parish of Lafayette, State of Louisiana; Civil Suit No. T.B.D.
Our File No. 15-22-0065

Dear Hon. Perret:

On behalf of the Petitioners, enclosed is their Petition for Damages. Please present same to the appropriate Judge for review and consideration. To the copy, please affix the date/time of filing thereupon to be returned in the provided self addressed, postage paid envelope.

For filing and service of process fees, our firm's check is enclosed in the amount of $500.00.

With kindest regards,

Respectfully,

GOLD, WEEMS, BRUSER, SUES & RUNDELL

By: _____
Stacy Mayeaux-Louviere, Assistant to
B. Gene Taylor III

/sml
Enclosures
cc: Michael A. Heilman
Heilman Law Group
Meadowbrook Office Park
4266 Interstate 55 North, Suite 106
Jackson, MS 39211

**STAMPED COPY MAILED**
**November 02, 2022    JT**