UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**CHARLES CRAFT ET AL**            **CASE NO. 6:22-CV-05899**

**VERSUS**                         **JUDGE TERRY A. DOUGHTY**

**MAX ACCESS L L C ET AL**         **MAGISTRATE JUDGE CAROL B. WHITEHURST**

**MEMORANDUM RULING**

Pending before the Court is a Motion for Judgment on the Pleadings Pursuant to Rule 12(c) to Dismiss Max Access, LLC's Third-Party Complaint [Doc. No. 128] filed by Third-Party Defendant F.L. Crane & Sons, Inc. ("FL Crane"). Defendant and Third-Party Plaintiff Max Access, LLC ("Max Access") opposes the Motion [Doc. No. 139].

For the following reasons, the Motion is **GRANTED.**

**I.    BACKGROUND AND PROCEDURAL HISTORY**

The relevant events leading up to this suit, as it relates to the above parties, are as follows. Lemoine entered into a contract with Ochsner, owner of Lafayette General Medical Center, located in Lafayette, Louisiana, to perform construction work at a medical facility in Lafayette (the "Project").[1] Lemoine entered into this contract with Ochsner as the general contractor. Lemoine subcontracted with FL Crane to install z girts, insulation, and stucco at the Project. FL Crane then contracted with Max Access to deliver and install swing scaffolding.[2] The swing scaffolding was to allow FL Crane employees to perform work on the outside of the Ochsner building at elevated heights.[3]

---
[1] [Doc. No. 59-1, p. 1–2]
[2] [Id. p. 2]
[3] [Doc. No. 12, ¶ 10]

On May 16, 2022, Plaintiff was working on the Project for FL Crane.[4] Plaintiff Charles Craft ("Craft") was working on a portion of affected swing scaffolding. The scaffolding and parts of the rolling roof rigging system fell to the ground from the seventh floor.[5] The collapse threw Craft from the scaffolding, his harness suspended him in mid-air, and he experienced blood loss from a severed artery in his arm, which resulted in this suit.[6]

On November 2, 2022, Plaintiffs filed a Petition for Damages in the 15th Judicial District Court, Parish of Lafyette, State of Louisiana, against Max Access, the Lemoine Company, LLC, Skyhook Ops, LLC, and XYZ insurers. On November 4, 2022, the matter was removed to this Court based on diversity jurisdiction.[7] On November 16, 20244, Plaintiffs filed an Amended Complaint in this Court against the same Defendants.[8]

On February 8, 2023, Max Access filed its Third-Party Complaint against FL Crane, asserting claims for breach of contract and negligence.[9] FL Crane disputed the allegations and denied liability to Max Access.[10] Specifically, FL Crane disputed the document attached to Max Access's Third-Party Complaint, which Max Access purported to be an agreement between it and FL Crane.[11]

On May 11, 2023, Plaintiffs filed a motion for leave to file a second amended complaint to name FL Crane as a direct defendant, which was denied by the Court because Plaintiff failed "to state a claim against FL Crane … sufficient to overcome the workers compensation bar."[12]

---

[4] [Id.]
[5] [Doc. No. 12, ¶ 18]
[6] [Id. ¶ 19, Doc. No. 59-1, p. 2]
[7] [Doc. No. 1]
[8] [Doc. No. 12]
[9] [Doc. No. 34]
[10] [Doc. No. 57]
[11] [Id.]
[12] [Doc. Nos. 69, 84]

On September 12, 2023, Plaintiffs filed a Revised Second Amended Complaint, which does not allege fault or wrongdoing on the part of FL Crane.[13]

Max's Access's claim against FL Crane alleges specifically that FL Crane was negligent based on Plaintiff's allegations for allowing "incompetent and unqualified persons to modify the swing scaffolding" and further that FL crane is in breach of contract for violation of an alleged indemnity provision.[14] The indemnity provision reads:

> CUSTOMER SHALL DEFEND, INDEMNIFY, AND HOLD HARMLESS THE COMPANY … AGAINST ALL LOSS, LIABILITY, AND EXPENSE … BY REASON OF BODILY INJURY … SUSTAINED BY ANY PERSON OR PERSONS INCLUDING BUT NOT LIMITED TO EMPLOYEES OF CUSTOMER, AS A RESULT OF THE OWNERSHIP, MAINTENANCE, USE, OPERATION, STORAGE, ERECTION, DISMATLING, SERVICING OR TRANSPORTATION OF THE EQUIPMENT … WHETHER SUCH BODILY INJURY … ARE DUE OR CLAIMED TO BE DUE TO ANY NEGLIGENCE OF THE COMPANY, EMPLOYEES OR AGENTS OF THE COMPANY OR ANY OTHER PERSON.[15]

FL Crane argues that this document is attached to Max Access's Third-Party Complaint [Doc. No. 34]. Max Access alleges that this document is the rental agreement between it and FL Crane, but FL Crane maintains that the document contains no mention or reference to FL Crane. Further, the document makes no mention that there is a contract between Max Access and FL Crane, nor are there price terms nor terms showing that FL Crane consented to contract with Max Access. The document is also not signed by FL Crane or any of its representatives.[16]

The issues are briefed, and the Court is prepared to rule.

---

[13] [Doc. No. 91]
[14] [Doc. No. 34]
[15] [Id.]
[16] [Doc. No. 218]

## II.  LAW AND ANALYSIS

### a.  Rule 12(c) Standard

"Federal Rule of Civil Procedure 12(c) permits any party to move for a judgment on the pleadings, provided the motion is made early enough to avoid delaying trial." *NAZ, LLC v. Philips Healthcare, a Div. of Philips Elecs. N. Am. Corp.*, No. CV 17-2882, 2018 WL 1202570, at *5 (E.D. La. Mar. 8, 2018). "A court may grant a Rule 12(c) motion only if the pleadings evince no disputes of genuine material fact and questions of law alone remain." *Id.* "A motion brought pursuant to Fed.R.Civ.P. 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract Co. v. Touchstone Properties, Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990).

"The standard for deciding a Rule 12(c) motion is the same as a Rule 12(b)(6) motion to dismiss." *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). Rule 8(a)(2) of the Federal Rules of Civil Procedure governs the pleading standard to state a claim for relief, requiring that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The standard for the adequacy of all complaints under Rule 8(a)(2) is now a "plausibility" standard found in *Bell Atlantic Corp. v. Twombly* and its progeny. *See* 550 U.S. at 544 (2007). Under this standard, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted). If a pleading only contains "labels and conclusions" and "a formulaic recitation of the elements of a cause of action," the pleading does not meet the standards of Rule 8(a)(2). *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 1949 (2009) (citations omitted).

In reviewing the adequacy of the pleadings, the court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999). "Just like when it reviews a motion to dismiss under Rule 12(b)(6), when reviewing a Rule 12(c) motion, a district court must consider the pleadings, any documents the pleadings incorporate by reference, and matters of which the court may take judicial notice." *Naz, LLC*, 2018 WL 1202570, at *5.

### b. Analysis

FL Crane first argues that Max Access's negligence claim should be dismissed because Max Access cannot be assessed liability or damages for FL Crane's conduct under Louisiana's system of comparative fault.

Next, FL Crane argues that Max Access's breach of contract claim should be dismissed because it does not plausibly allege that the indemnity clause is binding on FL Crane, and because the "general conditions" do not unequivocally express FL Crane's intent to indemnify Max Access for its own negligence.

The Court shall address each in turn.

### 1. Dismissal of the Negligence Claim

The Court first finds that this case is a comparative fault case because Max Access has not made a claim for contribution. FL Crane essentially asserts that the Third-Party Complaint does not allege any fault or wrongdoing on the part of FL Crane. Nor does the complaint allege any sort of conspiracy between the parties or intentional conduct by FL Crane. The claim is merely for negligence. Therefore, FL Crane asserts, solidary liability cannot exist between FL Crane and Max Access, and Max Access has no claim for contribution against FL Crane.

FL Crane asserts, then, that because there is no solidary liability here, then Max Access can only be liable to Plaintiffs for its own degree of fault (if any) and cannot attribute any fault to FL Crane (if any). Therefore, FL Crane asserts that there are no circumstances where its conduct could cause Max Access to incur any damages in this action, and it asserts that Max Access's negligence claim against FL Crane should be dismissed with prejudice pursuant to Louisiana's comparative fault scheme.

Under Louisiana's comparative fault system, "the degree or percentage of fault of all persons causing or contributing to the injury, death, or loss shall be determined, regardless of whether the person is a party to the action or a nonparty, and regardless of the person's insolvency, ability to pay, [or] immunity by statute." La. Civ. Code art. 2323. Comparative fault applies to "all" cases, including strict liability, absolute liability, and products liability. *Hollybrook Cottonseed Processing, LLC v. Carver, Inc.*, No. 09–750, 2011 WL 2214936, at *2 (W.D.La. June 6, 2011). Comparative fault principles apply in this case unless Max Access asserted valid claims for contribution or indemnity. The Court finds that there have been no claims asserted for contribution, and the Court will make a determination on indemnity below.

Max Access did not state a valid claim for contribution. "Contribution permits a tortfeasor who has paid more than his share of a *solidary obligation* to seek reimbursement from the other tortfeasors for their respective shares of the judgment, which shares are proportionate to the fault of each." *Hamway v. Braud*, 838 So.2d 803, 807 (La.Ct.App.2002) (emphasis in original). Following the 1996 amendments to article 2324, solidary liability arises only if tortfeasors conspire to commit an intentional or willful act. *See Beauregard*, 21 So.3d at 443. Accordingly, absent such intentional or willful conduct, "[a] joint tortfeasor shall not be liable

6

for more than his degree of fault and shall not be solidarily liable with any other person for damages attributable to the fault of such other person." La. Civ. Code art. 2324.

Here, the third-party plaintiffs seek contribution from the third-party defendants under the tort theories of negligence. The third-party defendants did not conspire to commit an intentional tort or acts. Because no intentional acts occurred, joint and solidary liability cannot exist between Max Access and FL Crane with respect to these claims. Accordingly, Max Access's negligence claims against FL Crane are **DISMISSED WITH PREJUDICE**.

### 2. Dismissal of the Breach of Contract Claim

As indicated above, FL Crane alleges that the breach of contract claim rests solely on the provision previously mentioned that lacks any mention of FL Crane or any evidence showing that FL Crane ever entered into a contract with Max Access for indemnity purposes.

The Court finds that Max Access did not state a valid claim for indemnity under contract principles in this case. In Louisiana contract law, contribution and indemnity are only available to solidary obligors. Thus, this case turns on the existence of a solidary obligation between Max Access and FL Crane. An obligation is solidary when multiple obligors or obligees agree to render one inseparable performance. La. Civ. Code art. 1790; La. Civ. Code art. 1794. Thus, a single obligor or obligee could be called upon to perform the entire obligation. *See id.* Solidarity is not presumed. La. Civ. Code art. 1796. Rather, it must arise by law or by a clear expression of the parties' intent. *Id.* The party who seeks to benefit from solidarity must prove its existence. 5 Saul Litvinoff & Ronald J. Scalise Jr., *La. Civ. L. Treatise, Law Of Obligations* § 7.65 (2d ed.); *c.f. Papania v. Aetna Cas. & Sur. Co.*, 291 So.2d 908, 911 (La.Ct.App.1974).

Solidarity has not arisen by contract in this case. The Court has already found that FL Crane was not solidarily liable to Max Access, and thus, the analysis stops there, as there is no

valid claim for indemnity by contract in this matter. Accordingly, Max Access's breach of contract claim against FL Crane is **DISMISSED WITH PREJUDICE**.

### III. CONCLUSION

For the reasons set forth herein,

**IT IS ORDERED, ADJUDGED, AND DECREED** that the Motion for Judgment on the Pleadings Pursuant to Rule 12(c) to Dismiss Max Access, LLC's Third-Party Complaint [Doc. No. 128] filed by Third-Party Defendant F.L. Crane & Sons, Inc. is **GRANTED**, and Max Access's Third-Party Complaint [Doc. No. 34] and its claims against FL Crane are **DISMISSED WITH PREJUDICE**.

MONROE, LOUISIANA, this 21st day of November 2024.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE